JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMW OF NORTH AMERICA, LLC, a Delaware limited liability company, and BAYERISCHE MOTOREN WERKE AG, a German corporation,<br><br>Plaintiffs,<br><br>v.<br><br>AN HOANG, an individual also known as MIKE HOANG, EVOLUTION EFFECTS, LLC, a California Limited Liability Company and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: CV13–01059 GAF (MLGx)<br><br>**STIPULATED PERMANENT INJUNCTION AGAINST DEFENDANTS AND DISMISSAL WITH PREJUDICE** |

/ / /

/ / /

/ / /

/ / /

- 1 -
**STIPULATED PERMANENT INJUNCTION AND DISMISSAL WITH PREJUDICE**

The Court, pursuant to the Stipulation for Permanent Injunction and Dimissal with Prejudice ("Stipulation"), and separate Confidential Settlement Agreement between Plaintiffs BMW OF NORTH AMERICA, LLC ("BMW NA"), and BAYERISCHE MOTOREN WERKE AG ("BMW AG")(collectively "Plaintiffs"), and Defendants AN HOANG, an individual also known as MIKE HOANG, and EVOLUTION EFFECTS, LLC (collectively "Defendants"), hereby ORDERS, ADJUDICATES and DECREES that a permanent injunction shall be and hereby is entered against Defendants and that the entire case be dismissed with prejudice against Defendants in the above-referenced matter as follows:

1. **PERMANENT INJUNCTION.** Defendants and any person or entity acting in concert with, or at the direction of Defendants, including any and all agents, servants, employees, partners, assignees, distributors, suppliers, resellers and any others over which they may exercise control, are hereby restrained and enjoined, pursuant to 15 *U.S.C.* § 1116 and 35 U.S.C. § 283, from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities in the United States and throughout the world:

   a. copying, manufacturing, importing, exporting, marketing, selling, offering for sale, distributing or dealing in any product or service that uses, or otherwise making any use of, any of the following Plaintiffs' trademarks and patents: the trademarks with the United States Patent and Trademark Office Registration Numbers referenced in paragraph 19 of the Complaint and **Exhibits "A" – "Q"** of the Complaint filed by Plaintiffs' in this action, the patents referenced at paragraph 22 of the Complaint and **Exhibit "R"** of the Complaint filed by Plaintiff's in this action, and/or any intellectual property that is confusingly or substantially similar to, or that constitutes a colorable imitation or copy of, any of Plaintiffs' trademarks or patents, whether such use is as, on, in or in connection with any trademark, service mark, trade name, logo, design, Internet use, website, domain name, metatags, advertising, promotions, solicitations,

commercial exploitation, television, web-based or any other program, or any product or service, or otherwise;

   b. performing or allowing others employed by Defendants, or otherwise under their control, to perform any act or thing which is likely to injure Plaintiffs, any of Plaintiffs' trademarks or patents, including but not limited to the trademarks with the United States Patent and Trademark Office Registration Numbers referenced in paragraph 19 of the Complaint and **Exhibits "A" – "Q"** of the Complaint filed by Plaintiffs' in this action, and the patents with the United States Patent and Trademark Office Registration Numbers referenced at paragraph 22 of the Complaint and **Exhibit "R"** of the Complaint filed by Plaintiff's in this action.

   c. using any Internet domain name that includes any of Plaintiffs' trademarks including but not limited to the trademarks with the United States Patent and Trademark Office Registration Numbers referenced in Paragraph 19 of the Complaint and **Exhibits "A" – "Q"** of the Complaint filed by Plaintiffs' in this action.

  2. Defendants are ordered to deliver immediately for destruction all allegedly unauthorized products, including counterfeit BMW® or M®-branded products, labels, signs, prints, packages, wrappers, receptacles and advertisements relating thereto and/or which utilize Plaintiff's patented designs, in their possession or under their control bearing or utilizing any of Plaintiffs' intellectual property or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, and all plates, molds, heat transfers, screens, matrices and other means of making the same, to the extent that any of these items are in Defendants' possession.

  3. This Permanent Injunction shall be deemed to have been served upon Defendants at the time of its execution by the Court, and the entire case shall be dismissed with prejudice as to all Defendants upon entry of this Permanent Injunction.

4. The Court finds there is no just reason for delay in entering this Permanent Injunction, and, pursuant to Rule 54(a) of the *Federal Rules of Civil Procedure*, the Court directs immediate entry of this Permanent Injunction against Defendants.

5. Defendants have certain obligations to Plaintiffs, as more particularly described in a separate Confidential Settlement Agreement.

6. **NO APPEALS AND CONTINUING JURISDICTION.** No appeals shall be taken from this Permanent Injunction or Dismissal With Prejudice, and the parties waive all rights to appeal. This Court expressly retains jurisdiction over this matter to enforce any violation of the terms of this Permanent Injunction.

7. **NO FEES AND COSTS.** Each party shall bear its/her own attorneys' fees and costs incurred in this matter.

IT IS SO ORDERED, ADJUDICATED and DECREED this 11th day of July, 2013.

**JS-6**

_____
The Honorable Gary Allen Feess
District Court Judge of the United
States District Court for the Central
District of California